Robert Cuevas was at once a customs officer and an employee of the Department of Defense at the border of San Luis, Port of Entry, in Arizona. He has since, and I want the court to know this, he is now Office of Naval Intelligence, Civilian Capability, Camp Smith, Honolulu, Hawaii. Major Cuevas is with me today. The appeal here was taken. It is now clarified as against the dismissal of the federal individuals, ostensibly for the reason that Robert Cuevas failed to state a 1983 or a 1985 Ora Bivens claim and that the court lacked jurisdiction. It was not clear in the pleadings and artfully as they were done and at the time they were done it was also filed before the enactment of certain pieces of legislation that might have been helpful at least to a Strassman. But in any event, the essence is that federal officials operating in their individual capacities in concert with city of San Luis officials acting in their under color of state law in their individual capacities and as outrageous as this might sound and if we only had a chance to prove it that by and between the police chief, the port director, in the city of San Luis, a very small with a fascinating history, a beautiful town and a beautiful city at the vanguard of trouble in America. As the facts relate, Major Cuevas was getting off work in July 2002, ten months after 9-1-1 at a time when neither Customs and Border Protection, nobody had their act together, I will say that, I hope that's not outside the record, but I don't think it's outside common sense. In any event, he was coming home from work and he saw what he suspected was a vehicle with whom he suspected operated by a Coyote in the backseat of which were four persons, all of whom later turned out to be illegal aliens and I've used these phrases, I have practiced there for a long time with regard to the port since 1995. I do not know what an undocumented worker is, I know what a documented, albeit poorly, with an O match I-9 and social security number is, but let's assume for the moment and it turned out later to be true that Major Cuevas at that time had every right and did in fact give chase to this vehicle. As it later turns out, he was successful, that is, the appellant here, and he did in fact capture a man named Heredia who was placed under arrest, criminalized, felonized, and subsequently deported. They also found the four illegal aliens, they being the City of San Luis Police. There followed a mysterious series of events, he alleged in the complaint, due to the port director in concert with the then police chief of City of San Luis exchanged correspondence, exchanged communications, and thereafter it was the appellant himself, at once then a captain in the Department of the Army, DOD intelligence, and a customs officer who was placed under arrest because he had driven recklessly, it is alleged, and Donna De La Torre, the then acting director, and she still is, out of Tucson for that sector, federal individual, relying on state law says, I find that there is probable cause that you committed a crime. And we find that almost incredible, and therefore she administratively placed Major Cuevas on administrative leave pending the outcome of the criminal trial. But in her letter, which is a part of the record and it is my decision that the charge is sustained based upon the facts, I find that there is a reasonable cause to believe that a crime is committed. Under ARS 13-1602, 13-160B-2, 13-1601, 701, 801, etc. Counsel, we've read the briefs and we understand the facts, but we also understand what we have to decide here. Yes, sir. And the decision was made by the trial court, the Department of Homeland Security, cannot be answerable without a waiver of sovereign immunity to sue, and there was none here. And I guess that's the issue we have to deal with. We're all concerned about your client and his patriotism in Afghanistan, but we have a very narrow issue here having to do with whether or not the Department of Homeland Security and then some of the agents can be brought into court. Can you help us with that? Yes. If these agents in the Department of Homeland Security, Schroeder, Schwamm, the person who was going to testify at his criminal trial, at the Appellant's Criminal Trial, and Donna De La Torre, and I think your question is quite properly, sir, can they be sued under 1983 or 1985 with jurisdiction under 1331, can they be sued for individual acts such as this? Is this a Bivens claim? Was the appellant here within Bellevue Hood and his progeny, was he within, and Bivens, of course, did they force the appellant by virtue of their conduct to be incarcerated, to be stopped, to be searched, to be seized, and did the United States of America, by and through the actions of these individuals, take life and property of the appellant, his federal job, his administrative job? Did they? Can we allege that in a 1983 mixed civil rights and a 1985 conspiracy by and between the city individuals acting in individual capacity and the federal officials acting in their individual capacity? The Soldiers and Sailors Civil Relief Act has to do with this situation. Your Honor, the Soldiers and Sailors Act, at once and at the beginning, we allege in the complaint that one of the reasons motivating the federal individuals and the state individuals, or in the city individuals, was that this man was subject to call. Most of this case, he was in Afghanistan. I cannot tell you where else he has been. What is it? It's the introductory statute to the Veterans Benefit Improvement Act of 2004, admittedly came into existence after this case was filed. It says you cannot discriminate against soldiers. The thrust of it... Basically, it means you get your job back after you come home. Oh, it means other things. May I please say, and I appreciate the judge's history in this regard, sir. Yes, it means more than that. Lawsuits that were commenced against that person. Actions that were taken. Does it mean, and does it mean that you can violate the civil rights of a soldier who happens also to be a Mexican? And Hispanic, if you will. The question I had is whether it's alleged that they were acting in their individual capacities because it appeared the allegations really related to their official capacity. Maybe you could address that point. Yes, I think that's inartfully plead. Fortunately, I'm not held to the heightened pleading standards at that time in a civil rights matter or a civil rights case. Having said that, yes, ma'am. It is clear, your judge, that that's inartfully pleaded. It should be the officials, federal officials, acting in their individual capacities under state law. Well, in your allegation in your suit, you indicate that they're acting officially in their job, as you phrase it. So that doesn't sound like individual capacity. It sounds like official capacity. And later in the pleadings, and I will not belabor my own ignorance, but, your honor, I am telling you, later in the pleadings and throughout the pleadings, it became clear that these persons were acting in their individual capacities, that they were operating under state law. Now, whether a federal official acting in his individual capacity or a federal person as an individual acting in his official capacity, and then as the pleadings made more clear when I said this is not such a pure 1983 action, that seemed to me to be more the subject of a leave to amend and clean that up. But the gravamen of the facts alleged, judge, please, went to all kinds of individual actions on their own. We didn't get... You've used your time. Now I'm going to give you a real short time for rebuttal, even though you've expired here. But I would also like to hear from the department. Yes, ma'am. I apologize. May it please the court. My name is Richard Patrick. I represent the federal defendants in this action. It is the basic principle that the complaint may not be amended by briefs in opposition to a motion to dismiss, nor can it be amended by briefs on appeal. The plaintiff failed to amend his complaint and cannot now argue a case that was not presented to the district court. That's a cite from a Seventh Circuit opinion in Thomason v. Not True. That's what we have that is being attempted here. On brief, there are allegations of racial discrimination. The district court found there were no claims of racial discrimination in the complaint. The court has asked whether or not this was pled as an official capacity suit. And the answer from plaintiff's counsel is yes, but perhaps in error and now suggests that he should have amended the complaint. The government's motion to dismiss was filed in June of 04. The district court didn't decide it until March of 05. The plaintiff had almost six months to amend his complaint after these issues were joined. He did not. Indeed, the Rule 54 certification was not issued by the district court until January of 07. The plaintiff had almost 23 months to seek leave to amend his complaint. He did not. Plaintiffs sued the Department of Homeland Security, the Customs Service. No waiver of sovereign immunity for constitutional claims. The district court so found. The district court found there was no Bivens claim pled or even a 1983 claim because they were being sued in their official capacity. They're denominated in the caption in their official capacity. Indeed, if you look at the relief that's requested at page 27 of the complaint, the only relief that's requested against Federal defendants is against the Department of Homeland Security. The district court, in its disposition of this case, was quite correct. The district court also correctly noted that the provisions of the Civil Service Reform Act provided the relief for the plaintiff. And that relief under the CSRA precluded the Bivens claims under a long line of case authority in this circuit. We've cited the Saul case, the Golt case. I believe, Judge McKeon, you were on the panel in that case. You wrote again on the issue in a case called Blankenship v. McDonald, a case involving a court reporter, Bivens action against a federal district judge and the clerk of the court. Indeed, you wrote on a panel just last month in a case called Stanley v. Gonzalez, a case brought by a former United States trustee. So the Civil Service Reform Act provided a mechanism for relief for the plaintiff. Indeed, in the suspension letter that's attached to the complaint, Ms. De La Torres, one of my clients, was quite clear about the relief that was available to Mr. Quivitz. Merit Systems Protection Board, union grievance procedures, even filing an EEOC if he felt there was any discrimination. Notwithstanding that relief that's available under the Civil Service Reform Act, he chose to bring this lawsuit, an ill-fated attempt that the district court properly dismissed, and we would ask this court to affirm. Could I ask a question? One of the sections that he brings in action under is Section 1334. I have found no Ninth Circuit case that indicates that there's a waiver, that you need a waiver for a suit under 1334. There are cases from other circuits, I think the Fifth and the Tenth, that support your position. But have you found a Ninth Circuit case on that issue? No, Your Honor, but I would note that waivers of sovereign immunity, as this Court is well aware, have to be explicit, et cetera, et cetera. The section that the Court cites is clearly a subject matter jurisdiction statute. I understand. I'm not quarreling about that. The answer to your question is no. This does not appear to be one in which we've taken... That's correct. Thank you. Thank you. If you need it, you may have a minute of rebuttal. Thank you. A decision was made by appellant to appeal the decision of the court below with respect to the federal defendants. That was a strategic decision. At all times, the City of San Luis defendants remain, and the actions against them remain extant. We wanted to try both of them together and wanted to clarify from this Court. But I believe that the record is now clear that we may proceed against the City of San Luis. And that, just to be clear, as I understand it, those defendants are left in the case and they're not part of this appeal. Is that correct? That's correct. So we're not going to make any decision on the state-related defendants? We hope that you don't make one, Your Honor, that adversely impacts those persons. The allegations were pretty much the same, and if they were inartful with respect to the City, it seems to me that this report was disingenuous when, in fact, it said, oh, I made a mistake. I did not dismiss it as to the City defendants. All we know is it didn't dismiss it as to the City, and we can't... And that's not within our province. Yes. Thank you. Thank you. The case just argued of Cuevas v. Department of Homeland Security is submitted. We'll hear argument next in Schroeder v. Alameda.
judges: Wallace, Cudahy, McKeown